# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | | |
|---|---|---|
| **SOUTHSIDE OIL, LLC,** <br> **ET AL.,** | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civ. Action No. 3:05CV385 |
| **RS & HS, LLC, ET AL.,** | ) <br> ) <br> ) | |
| Defendants. | ) | |

**and**

| | | |
|---|---|---|
| **STEVEN M. UPHOFF,** <br> **ET AL.,** | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civ. Action No. 3:05CV386 |
| **RS & HS, LLC, ET AL.,** | ) <br> ) <br> ) | |
| Defendants. | ) | |

**and**

| | | |
|---|---|---|
| **SOUTHSIDE INVESTMENTS, LLC,** <br> **ET AL.,** | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civ. Action No. 3:05CV387 |
| **HARJIT SINGH, ET AL.,** | ) <br> ) <br> ) | |
| Defendant. | ) | |

**and**

| | |
|---|---|
| **SOUTHSIDE INVESTMENTS, LLC,** <br> **ET AL.,** <br>                 **Plaintiffs,** <br>    v. <br> **RS & HS, LLC, ET AL.,** <br>                 **Defendant.** | Civ. Action No. 3:05CV388 |

## MEMORANDUM OPINION

This matter is before the court on several motions filed by the Defendants: (1) a motion for consolidation; (2) a motion for leave to serve amended answers and counterclaims after the case is consolidated; and (3) a motion for leave to file a single opposition to Plaintiffs' motions to dismiss after the case is consolidated. On September 8, 2005, this matter was before the court for a pretrial conference in which a trial date of January 17, 2005, was set and a scheduling order was entered. Paragraph 2 of the pretrial order sets forth the time in which a party must answer or file responsive pleadings. Also in the pretrial conference, the court directed the Defendants to file their responsive pleadings as well as a motion to enlarge time and for consolidation. In this case, the Plaintiffs filed motions for summary judgment on July 8, 2005, to which the Defendants have not responded, nor have they moved for an enlargement of time under the rules. They have, however, filed a what appears to be alternative motions to consolidate and for leave to file a single response in the form of amended answers, counterclaims, and opposition memos if the consolidation is granted.

The Plaintiffs complain that the Defendants have neither filed a motion for enlargement nor responsive pleading to their motion for summary judgment. Plaintiffs also contend that the

motion to consolidate lacks any authority to support the request. Finally, in addition to their plea that the Defendants' motions be denied, the Plaintiffs request sanctions, attorneys fees and costs.

**Analysis**

Under Fed. R. Civ. P. 42(a), the court may order consolidation when two or more cases are pending in which any or all of the matters at issue involve common questions of law or fact. It is unnecessary that there be an identity of parties. It is within the court's discretion to grant a motion to consolidate and to require specific findings regarding the common questions of law or facts. Harris v. L & L Wings, Inc. 132 F.3d 978, 982 (4th Cir. 1997)("Federal Rule of Civil Procedure 42(a) approves consolidation of actions that involve a 'common question of law or fact'" where claims were brought by different parties against the same defendant, relying on the same witnesses, alleging the same type of misconduct, and answered with the same defenses).

The Plaintiffs filed four motions for judgment in state court, which the Defendants removed to this court pursuant to the court's federal question jurisdiction invoked by the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2801 et seq. The resulting four federal cases are styled Southside Oil, LLC v. RS & HS, LLC, civil action no. 3:05CV385; Uphoff, et al. v. RS & HS, LLC, civil action no. 3:05CV386; Southside Investments, LLC & Uppy's Convenience Stores, Inc. v. Harjit Singh and Raghbir Singh, civil action no. 3:05CV387; Southside Investments, LLC v. RS & HS, LLC, civil action no. 3:05CV388. All four of the claims arise from a multi-faceted business transaction among one set of owners and their businesses and another set of owners and their businesses, involving a lease agreement, an asset purchase agreement, a petroleum supply agreement, and the events that ensued concerning a piece of commercial property.

The <u>Southside Oil, LLC v. RS & HS, LLC</u>, civil action no. 3:05CV385, is a one count contract action for alleged breach of a petroleum supply agreement that was executed contemporaneously with a lease purchase and asset purchase agreement between RS & HS, LLC (RS & HS) and Southside Investments, LLC (Southside Investments). (Mot. for J. at 2 - 3) (docket entry no. 1). <u>Uphoff, et al. v. RS & HS, LLC</u>, civil action no. 3:05CV386, is a personal injury action brought by Stephen and Linda Uphoff (Uphoffs), the principals of Southside Investments and Southside Oil, against HS & RS for libel, slander, and assault for actions allegedly taken by RS & HS through its principals and agents to disrupt the Uphoffs' businesses and damage their personal and business reputations. (Mot. for J. at 2-3) (docket entry no. 1). <u>Southside Investments, LLC & Uppy's Convenient Stores, Inc. v. Harjit Singh and Raghbir Singh</u>, civil action no. 3:05CV387, contains one count for breach of contract and one count of tortious interference with business and business opportunity for the actions allegedly taken by Harjit and Raghbir Singh (the Singhs) against the Uphoffs and their businesses. (Mot. for J. at 3) (docket entry no. 1). <u>Southside Investments, LLC v. HS & RS, LLC</u>, civil action no. 3:05CV388, contains one count for breach of a lease/purchase agreements and one count for unlawful detainer of the premises that are the subject of the lease/purchase agreements. (Mot. for J. at 3-4) (docket entry no. 1).

There are facts common to all four cases alleged by the Plaintiffs in the respective motions for judgment. First, Southside Investments was the owner of property known as 7401 Commons Plaza in Chesterfield County, Virginia, on which was located a building and land containing a petroleum service operation, a convenience store, and a Dairy Queen that were leased to HS & RS for a period of twenty five years commencing on March 4, 2003. (Mot. for J.

4

at 1-2 in 3:05CV388; Mot. for J. at 1-2 in 3:05CV387).  Harjit Singh and Raghbir Singh (the Singhs) are members and principals of RS & HS.   (Mot. for J. at 1 in 3:05CV388; Mot. for J. at 1-2 in 3:05CV387).  Immediately prior to the time Southside Investments entered the lease with RS & HS, the premises had been leased to Uppy's Convenience Stores, Inc. (Uppy's), which is also one of the Uphoffs' businesses.   (Mot. for J. at 2 in 3:05CV388; Mot. for J. at 2 in 3:05CV387; Mot. for J. at 2 in 3:05CV385).   The lease agreement incorporated a Petroleum Supply Contract.   (Mot. for J. at 2 in 3:05CV388; Mot. for J. at 2 in 3:05CV387; Mot. for J. at 2 in 3:05CV385).  Plaintiffs allege that RS & HS breached the lease agreement by failing to comply with federal, state, and local ordinances by employing illegal aliens, violating health regulations, failing to pay taxes, and failing to maintain the premises.   (Mot. for J. at 2-3 in 05CV388;  Mot. for J. at 2-3 in 3:05CV385).

In addition to the lease agreement, Southside Investments and Uppy's also entered into an asset purchase agreement dated February 25, 2003, with the individuals who comprise RS & HS, the Singhs. (Mot. for J. at 2 in 3:05CV387).  The asset purchase agreement was contingent upon the Singhs obtaining an ABC license, a lottery license, and to qualify as a Dairy Queen franchisee within 90 days of closing. (Mot. for J. at 2 in 3:05CV387).  The Singhs took possession of the premises, while Uppy's continued to operate the Dairy Queen. (Mot. for J. at 2 - 3 in 3:05CV387). Ultimately, the Singhs were unable to qualify as a Dairy Queen franchisee and Uppy's revoked its grant of agency in order to allegedly protect its relationship with Dairy Queen. (Mot. for J. at 2 - 3 in 3:05CV387).  The Singhs, through the actions of RS & HS agents as well as Harjit Singh, allegedly undertook to disrupt Uppy's operation of the Dairy Queen by, among other things, trespassing and "rooting through" Uppy's business files; making false and

5

defamatory statements about Uppy's business operations to third parties, including Uppy's employees; destroying Uppy's inventory; and interfering with the Uppy's climate controls. (Mot. for J. at 3 - 4 in 3:05CV387).

The Petroleum Supply Contract provided that Southside Oil would supply, and RS & HS would purchase, Exxon Mobil products. (Mot. for J. at 2 in 3:05CV385). Based on prior sales at that location, the Petroleum Supply Contract provided that RS & HS would purchase on a scheduled basis a minimum quantity of 1,500,000 gallons of Exxon Mobil motor fuels and maintain the premises consistent with Exxon trade names, color schemes, as well as maintain a clean, healthful, and attractive condition. (Mot. for J. at 2 in 3:05CV385). The Petroleum Supply Contract also provided a right of first refusal to purchase any interest in the premises to Southside Oil as well as a non-assignment provision that prohibited assignment of the contract without Southside Oil's prior written consent. (Mot. for J. at 2 in 3:05CV385). RS & HS allegedly failed to purchase the minimum amount of fuel under the contract and allegedly engaged in the other impermissible business practices already described. (Mot. for J. at 3 in 3:05CV385). Furthermore, it is asserted that RS & HS offered the premises for sale to a third party without first offering it to Southside Oil as provided in the contract and attempted to assign its rights under the supply contract without Southside Oil's written consent. Id. Finally, there is a motion for judgment by the individuals Steven and Linda Uphoff against RS & HS, as well as the Singhs, for personal injuries they allegedly suffered as a result of the breaches of the lease agreement, the asset purchase agreement, and the petroleum supply contract as well as for tortious interference with the Uphoff's businesses and defamation as already described. (Mot. for J. at 2 in 3:05CV386).

All of the facts the court has considered are taken directly from the Plaintiffs' motions for judgment. The complaints themselves clearly allege a common set of facts and law surrounding the multi-faceted business transactions concerning the premises, the Uppy's, the Exxon Mobil station, and the Dairy Queen operation. The claimed breaches all involve the Singhs and their business allegedly violating the lease, purchase, and petroleum supply agreements through illegal, fraudulent, and tortious activity, along with failure to comply with other basic terms of the various interrelated agreements. The tort claims arise from the Singhs alleged interference or assaults upon the Uphoffs, their businesses, their personal and business reputations. Although three of the four separate causes of action technically derive from different agreements, the agreements are clearly related, if not incorporated into one another. Much of the conduct that the Plaintiffs allege as constituting breaches of the contracts is identical – employing illegal immigrants, failing to pay taxes, failing to maintain the premises, failing to qualify for the Dairy Queen franchise, etc. Likewise, the tortious conduct derives from the same alleged activity by the Singhs, their company or their agents such as trespassing, defaming the Uphoffs and/or their businesses, and destroying inventory. Having considered the facts as alleged by the Plaintiffs, the court concludes, in the exercise of its discretion, that the concerns of judicial economy are met and that justice will be best served by consolidation as permitted by Rule 42(a). Harris, 132 F.3d at 982.

Although the court instructed the Defendants to file a motion for enlargement of time, together with any responsive pleadings to the Plaintiffs' dispositive motions, the Defendants instead have filed motions for leave to file an amended answer, counterclaims, and responsive pleadings following consolidation. The court nevertheless will consider the pending motion for

leave to be a motion for enlargement of time which will be granted despite its variance from the court's instruction.

At the same time, however, the court cautions all parties that the Federal Rules of Civil Procedure, including Rule 11, the Local Rules of the Eastern District of Virginia, and the court's scheduling order, will be strictly enforced. The parties shall cite to appropriate and relevant authority in all pleadings and shall address the substantive law to be decided by the court. All pleadings are to be timely served and filed with the risk of an adverse ruling for failure to do so. Hereafter, all pleadings shall bear the consolidated caption and case number only. Within five days of the date of the accompanying Order, the court will allow the Plaintiffs, if they so choose, to consolidate the unamended motions for judgment to be filed as a single Complaint under the appropriate consolidated civil action number consistent with Rule 8 and the rules of this court. Within eleven days of the date of the accompanying Order, or the service of a single Complaint, whichever occurs, the Defendants shall submit an amended answer or other appropriate pleading bearing the consolidated caption and case number. Finally, within the same time period, the Defendants shall file a single responsive pleading to all motions now pending. The Plaintiffs' motion for sanctions will be taken under advisement pending further developments, if not final resolution.

An appropriate order shall issue.

It is so Ordered.

                                                    _____/s/_____
                                                    Dennis W. Dohnal
                                                    United States Magistrate Judge

Dated: 10/21/05